**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE:  EDNA J. VALENTINE<br>         Chapter 7 Debtor | Case No. 01-60320-DOT |
| WILLIAM D.C. VALENTINE, Assignee<br>EDNA J. VALENTINE, Debtor<br>         Plaintiffs | Adversary Proceeding No. 06-03085-DOT |

v.

LAWRENCE M. ELLIOTT, Personally;
LAWRENCE M. ELLIOTT, former personal
 representative of the Estate of Daniel B. Delaney;
CHRISTOPHER G. HOGE, ESQUIRE, personal
 representative of the Estate of Daniel B. Delaney;
SEVERAL PRESENTLY UNKNOWN OTHER
 CONSPIRATORS WHO PERFORMED FORGERY,
 UTTERING AND FRAUD UPON THE DEBTOR AND
 THE DISTRICT OF COLUMBIA COURTS IN VIOLATION
 OF 42 U.S.C. §§ 1983 et seq.;
BENEFICIARIES OF THE ESTATE OF DANIEL B. DELANEY;
THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT
 OF COLORED PEOPLE;
AMERICAN CANCER SOCIETY;
AMERICAN HEART ASSOCIATION; and
THE DISTRICT OF COLUMBIA AND THE DISTRICT OF
 COLUMBIA COURTS, THROUGH THE CHIEF JUDGE OF
 THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.
         Defendants

## MEMORANDUM OPINION AND ORDER

This case is before the court on William D.C. Valentine's pro se complaint[1] against several defendants, arising out of a dispute over the District of Columbia Probate Court's disposition of the estate of Daniel B. Delaney. The defendants include the Estate of Daniel B. Delaney, the estate's current personal representative, Christopher G. Hoge, and several charitable

---

[1] Debtor Edna J. Valentine was dismissed as a plaintiff at the hearing on July 26, 2006. William Valentine has standing as assignee of the claims held by debtor's bankruptcy estate.

beneficiaries of the estate[2] (collectively with the estate and its personal representative, the "Delaney Estate"). Additional defendants are the estate's former personal representative, Lawrence M. Elliott, and the District of Columbia government. The complaint alleges what amounts to three causes of action: 1) state tort law claims against the defendants[3]; 2) various vaguely pled fraud claims against the defendants[4]; and 3) a violation of constitutional due process rights and civil rights under 42 U.S.C. § 1983.

Defendant Delaney Estate has filed a motion to dismiss the complaint (A.P. Docket No. 5) for failure to state a claim upon which relief can be granted. The charitable beneficiaries of the Delaney Estate filed "tag along" motions (A.P. Docket Nos. 7, 8, 10 and 39) requesting the same relief for the same reasons as the Delaney Estate. Plaintiff filed oppositions to all motions (A.P. Docket Nos. 23, 28, 30 and 44), and the court heard argument on July 26, 2006. Former personal representative Lawrence M. Elliott also filed a motion to dismiss (A.P. Docket No. 25), and he joined with the Delaney Estate's motion to dismiss. Following the hearing, the court took the motion to dismiss under advisement as to the Delaney Estate and the charitable beneficiaries, and continued generally Elliott's motion to dismiss. The court requested proposed findings of fact and conclusions of law which were submitted by the parties by October 10, 2006. In the interim, plaintiff continued to attempt to serve the District of Columbia government. On December 22, 2006, following the receipt of an alias summons, the District of Columbia government also

---

[2] The beneficiaries of the estate included in the adversary proceeding are the National Association for Advancement of Colored People, the American Cancer Society, the American Heart Association, and the National Arthritis Foundation. The National Arthritis Foundation was not included on the initial adversary proceeding cover sheet, but is listed on the docket as a defendant and has filed documents in the case as if it is a defendant. Therefore, for the purposes of its motion to dismiss, the National Arthritis Foundation shall be considered a defendant in this case.
[3] The complaint, in one sentence, alleges a violation of Virginia and District of Columbia state law by interference with debtor's expectations of gift. Complaint p. 6.
[4] The complaint alleges that the probate court's judgments were rendered in the presence of fraud and the probate court was subjected to fraud upon the court. Complaint p. 6-7.

timely filed a motion to dismiss. This opinion resolves all motions to dismiss that have been filed.

The court has considered the entire record in this adversary proceeding, including argument of counsel. Because the court is ruling on a motion to dismiss under Rule 12(b)(6), the court has not considered any evidence outside of the complaint proffered by the plaintiff or the defendants, consideration of which would require a conversion of the motion to dismiss to a motion for summary judgment. The court has, however, taken judicial notice of the existence of prior cases involving some of these parties and the outcomes determined by those cases.

For the reasons stated in this opinion, the court will grant the several defendants' motions to dismiss the complaint with prejudice on all causes of action for failure to state a claim upon which relief can be granted.

## Jurisdiction Analysis

Bankruptcy courts are federal courts of limited jurisdiction, whose jurisdiction is determined in part by 28 U.S.C. § 157(b). Bankruptcy judges may hear core proceedings as defined by § 157(b)(2). Where a matter is a non-core proceeding, § 157(c) states that a bankruptcy judge may hear the proceeding if it is otherwise related to a case under Title 11, but the final order must be entered by the district court after reviewing the bankruptcy judge's proposed findings of fact and conclusions of law. See *Celotex Corp. v. Edwards*, 514 U.S. 300, 321–322, (1995). When all parties have consented to the bankruptcy court's jurisdiction over a non-core related proceeding, the bankruptcy court may enter orders and judgments. Canal *Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 403 (4th Cir. 1992). Failure to object to the bankruptcy court's treatment of a proceeding as a core proceeding may constitute consent. Id. at 403. There is no basis for the bankruptcy court to decide non-core proceedings not related to a

case under Title 11. See *Pesina v. Kreps*, 293 B.R. 719 (Bankr. N.D.Oh. 2002). Although no party has objected or otherwise raised the question of whether the instant proceeding is core or non-core, it is the bankruptcy judge's obligation to do so sua sponte where necessary. 28 U.S.C. 157(b)(3).

Under Fed. R. Bankr. P. 7008(a), a complaint in an adversary proceeding before a bankruptcy judge shall contain a statement addressing whether the proceeding is core or non-core. The plaintiff's complaint states that it is a "core proceeding" several times but fails to provide a reference to any portion of the bankruptcy code that supports the conclusion that this adversary proceeding is a core proceeding.

There are four possible statements that warrant analysis. The complaint first states in summary fashion, "This Bankruptcy Court possesses jurisdiction under 28 U.S.C. § 1334, and as a 'core' proceeding under 28 U.S.C. § 157 in that the bankruptcy here resulted from the actions complained of in this paragraph and as further detailed hereinafter." The remainder of the complaint addresses the litany of claims the plaintiff makes against defendants, none of which invoke provisions of the bankruptcy code. Second, the complaint later states that it seeks to bring "federal claims which do not interfere with the probate proceedings then in process" as "'core proceedings' to this Court under its duty to consider federal claims as defined by the bankruptcy code." Third, the complaint continues, "plaintiffs herein contend that the actions complained of, were in fact caused [sic] the bankruptcy status of the otherwise blameless debtor." Due to the incomplete nature of this sentence, it is impossible for the court to determine whether the plaintiff intended to state that the actions complained of "in fact caused" the bankruptcy status, or that they "were caused by" the bankruptcy status. Regardless of the interpretation, however, the list of core proceedings in § 157(b)(2) does not contemplate

4

jurisdiction over proceedings merely because the actions underlying the claim caused a bankruptcy filing or were caused by an individual's bankruptcy status.  Finally, the complaint purports to state the "relevant codified core matters" and proceeds to quote from *Marshall v. Marshall*, 126 S.Ct. 1735 (2006), the Supreme Court's own quotation of subsections C, E, H, I, and K of 28 U.S.C. § 157(b)(2); however, the complaint fails to provide any basis for how the allegations relate to any of these subsections.

Thus, none of the above four statements in the complaint sufficiently elaborates upon the nexus between the instant proceeding and the bankruptcy case.  No section of Title 11 is cited or referenced in the complaint, nor does the quoting of § 157(b)(2) suffice to explain which aspects of the complaint are a core proceeding.

Although the complaint does not articulate how the claim is in fact a core proceeding, the court will consider whether any of the subsections of § 157(b)(2) encompass the subject matter of this complaint.

The list of core proceedings in 28 U.S.C. § 157(b)(2) is not intended to be exhaustive, although it does comprehend the vast majority of proceedings over which the bankruptcy court has jurisdiction.  The nexus between the bankruptcy case and the core proceedings listed in § 157(b)(2) is exceedingly close, and each type of proceeding directly affects either the debtor, the estate, or the creditors of the estate.  In this case, the debtor has been dismissed from the adversary proceeding for lack of standing.  The remaining plaintiff is William Valentine, to whom the bankruptcy trustee assigned the bankruptcy estate's claims for the sum of $50,000.00.  Neither the bankruptcy trustee nor the estate stands to benefit from any resolution of this adversary proceeding.  No matter the outcome, the bankruptcy estate has received its consideration for the claim in accordance with the assignment agreement.

Subsections C, E, H, I, and K are the only subsections of § 157(b)(2) alleged to grant the bankruptcy court jurisdiction over this proceeding as a core proceeding. Subsection C does not apply because there is no counterclaim by the bankruptcy estate against a person filing a claim against the estate. The bankruptcy estate has no interest in this case because all of its interests have been assigned to William Valentine. Therefore, the estate is not bringing a counterclaim in this adversary proceeding. Subsection E does not apply because this proceeding does not involve an order to turn over property of the estate. No property is alleged to be a part of the bankruptcy estate that is held by another party. Any relevant property found to have been property of the bankruptcy estate prior to assignment will now be turned over to William Valentine because he has been assigned all of the rights by which he brings this complaint. Subsection H does not apply because this proceeding will not determine, avoid, or recover fraudulent conveyances as contemplated by the bankruptcy code. Subsection I does not apply because there is no question of dischargeability of debts in this proceeding. Finally, Subsection K involves the determination of validity, extent, or priority of liens. No liens are implicated in this proceeding, and therefore this subsection is inapplicable. In sum, this action does not fall under any of the types of core proceedings mentioned by the complaint because any connection of the claims to the bankruptcy case has been severed by the bankruptcy trustee's assignment of the claims to William D.C. Valentine.

The court therefore finds that this adversary proceeding is a non-core proceeding, loosely related to the bankruptcy case, if at all. Absent consent by both parties to the bankruptcy court's jurisdiction, the bankruptcy court has no jurisdiction to make a final ruling on this case. The defendants have, however, stated in their proposed findings of fact and conclusions of law that the matter is a core proceeding. Although they cite subsection C as the basis for jurisdiction,

which is inapplicable as detailed above, such a statement by the defendants is deemed to constitute a waiver of their objection to this court's jurisdiction, and they are deemed to have consented by implication. See 3 COLLIER ON BANKRUPTCY § 3.03[4] (15th revised ed. 2003). The plaintiff is deemed to have consented to this court's jurisdiction by filing the complaint herein.

<u>Findings of Fact</u>

Daniel Delaney died on August 6, 1993, leaving a Last Will and Testament dated July 31, 1993, which was admitted to probate on April 4, 1994. At the time of his death, debtor Edna J. Valentine was allegedly the common-law spouse of the decedent. Thereafter, debtor became involved in litigation over the assets of the Estate, resulting in 14 appeals consolidated and ultimately decided by the District of Columbia Court of Appeals on March 27, 2003.

On February 27, 2001, debtor Edna J. Valentine filed a petition for Chapter 7 bankruptcy. By this filing, debtor transferred to her trustee in bankruptcy all of her rights to claims arising from her status as an interested person in the probate proceedings of the Estate of Daniel B. Delaney, and as a defendant in the plenary proceeding brought in the probate case to determine ownership of certain property. The debtor's claims included the alleged forgery of decedent's will, an alleged conspiracy to defraud the debtor of an interest in the Estate and in two financial accounts that debtor contended had been gifted to her by decedent prior to his death, and an alleged conspiracy to violate the debtor's civil rights in connection with the alleged fraud.

When the bankruptcy case was filed, the debtor's claims against the Delaney Estate were pending in consolidated appeals before the District of Columbia Court of Appeals. Debtor was a party to those consolidated appeals. By order entered March 27, 2002 (Bankr. Docket No. 75),

this court lifted the automatic stay so that the consolidated appeals could proceed with respect to all claims of the debtor and of the Delaney Estate in the District of Columbia Court of Appeals.

The court takes judicial notice that on May 23, 2002, the bankruptcy trustee filed a notice of removal with respect to the consolidated appeals, alleging that there were "Federal Causes of Action in violation of [debtor's] due process rights" that needed to be adjudicated.[5] The bankruptcy trustee thus demonstrated knowledge of the existence of federal claims no later than May 23, 2002. Although plaintiff's counsel asserted at the July 26, 2006 hearing (A.P. Docket No. 42, Tr. 28) that the bankruptcy trustee had filed a complaint in the removal case alleging violations of the debtor's civil rights, the court takes judicial notice from the docket sheet that no such complaint was filed. The United States District Court for the District of Columbia abstained from ruling and remanded the case to the District of Columbia Court of Appeals on August 1, 2002.[6]

Plaintiff William Valentine is the successor in interest to the bankruptcy trustee with respect to the above claims pursued by the trustee, pursuant to an assignment agreement approved by this court on September 6, 2002.[7] (Bankr. Docket Nos. 88, 96).

The court takes judicial notice that on March 27, 2003, the District of Columbia Court of Appeals delivered its opinion in the consolidated appeals, styled *In re Estate of Daniel B. Delaney, 819 A.2d 968 (D.C. 2003), cert. denied sub nom, Valentine-Staats v. Elliott, 540 U.S. 1109 (2003).* The court of appeals affirmed judgments of the Superior Court of the District of Columbia, Probate Division (the "probate court") which had held that debtor's challenge to

---

[5] Notice of Removal, pg. 8. On a Rule 12(b)(6) motion, the court may take judicial notice of public records such as the docket sheet and pleadings filed in the removal case. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995), cert. granted and judgment vacated on other grounds, 116 S. Ct. 1821 (1996).
[6] *Estate of Daniel B. Delaney v. Federal Bankruptcy Estate of Edna J. Valentine*, Civil No. 02-1016 (JR), United States District Court for the District of Columbia, remanded August 1, 2002.

decedent's will and her claims of fraud were time-barred and that the allegedly gifted financial accounts were part of decedent's probate estate. *In re Delaney*, 819 A.2d 968, 978-84 (Section I: Appeal No. 97-PR-1217), 984-92 (Section II: Appeal Nos. 98-PR-934 *et al*.). As to those issues and others, the decision in *In re Delaney* is a final judgment on the merits by the highest court of the District of Columbia.

The Complaint in this Adversary Proceeding was filed on May 11, 2006. (A.P. Docket No. 1).

### The Plaintiff's Complaint

In this adversary proceeding, filed on May 11, 2006, plaintiff alleges errors by the probate court amounting to due process violations. The alleged errors concern "illegal seizures of debtor's property," the taking of debtor's liberty by threats of incarceration, and the failure to hear debtor's "cross allegations" of forgery and fraud. (A.P. Docket No. 1, Complaint at 5). These allegations repeat tort and fraud claims of the debtor that were adjudicated or rejected as untimely in the probate proceedings of the Delaney Estate.

Plaintiff also alleges a conspiracy to violate the debtor's civil rights by probating a fraudulent will. The complaint and subsequent filings by plaintiff were unclear as to what persons allegedly took part in such a conspiracy. At the July 26, 2006, argument on the Delaney Estate's motion to dismiss, plaintiff's counsel clarified that plaintiff does not allege a conspiracy "with members of the [D.C. Probate] Court staff, or the Court itself; but rather Elliott [the Delaney Estate's former personal representative] and … his prior counsel, utilized the Court system to deny [debtor] her rights." (A.P. Docket No. 42, Tr. at 16). And later, counsel stated "we are not saying that there was a conspiracy with [Court] personnel, but rather the Elliott

---

[7] The court ruled without opposition at hearing on July 26, 2006, that debtor had no standing to bring this adversary

interest utilized state court action to accomplish this fraud and bring it within the 1983 denial of due process." (*Id.*, Tr. at 17-18). Beyond these statements, plaintiff makes no substantive, non-conclusory allegations of fact with respect to the specifics of the alleged conspiracy.

Plaintiff's allegation that debtor was denied due process in the probate proceedings of the Delaney Estate was rejected on the merits in *In re Delaney*, 819 A.2d 968, 991-992 (Section II, 2. E., Constitutional Due Process Rights and "Freedom of Contract Rights").  Plaintiff's allegation of a § 1983 civil rights conspiracy was not raised in the D.C. probate court, and the appellate court declined to address it in the appeal, concluding that "no injustice will result from refusing to hear this belated § 1983 claim." 819 A.2d 968, 987 n. 10.

## Conclusions of Law

The standard to be applied in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012(b), is well established.  This court will accept all factual allegations in the complaint as true, construe the complaint in a light most favorable to the plaintiff, and recognize that dismissal is inappropriate "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999); *accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

Jurisdiction over state tort and fraud claims

This court has no jurisdiction to review the rulings of the probate court and the decision of the District of Columbia Court of Appeals in *In re Delaney*, which affirmed those rulings. *See*,

---

proceeding and that she would be dismissed as a party plaintiff.

28 U.S.C. § 1257 (giving jurisdiction solely to the Supreme Court of the United States to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had," and specifically including the District of Columbia Court of Appeals as among such highest state courts); and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) (stating that one aspect of 28 U.S.C. § 1257 is that "lower federal courts [i.e., those below the Supreme Court] possess no power whatever to sit in direct review of state court decisions") (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 296 (1970)).  The District of Columbia Court of Appeals had jurisdiction over and decided the issues related to the plaintiff's state tort and fraud claims.  Therefore, the complaint fails to state a claim upon which relief can be granted and must be dismissed as to the state tort and fraud claims.  The final cause of action to address is the § 1983 claim.

<u>Plaintiff's Section 1983 claim</u>

Plaintiff's § 1983 claim fails for three primary reasons.  First, the alleged underlying injury has previously been rejected by the District of Columbia Court of Appeals, and this court cannot sit in review of that court's final judgment.  Second, the claim fails to adequately plead the state action requirement.  Third, the claim is untimely on its face.

The plaintiff's alleged § 1983 injury is premised upon the probating of the fraudulent will. As noted above, *In re Delaney* affirmed the validity of decedent's will. Plaintiff sought and was denied *certiorari* by the United States Supreme Court. 540 U.S. 1109 (2003).  Consequently, all questions concerning the validity of decedent's will are res judicata. *See*, *First Union Comm. Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Ent.)*, 81 F.3d 1310, 1315 (4th Cir. 1996). Because he has no right to re-litigate these issues, plaintiff has not pled an injury sufficient to support a § 1983 claim. The court also notes that, contrary to plaintiff's assertions,

*Marshall v. Marshall*, 126 S. Ct. 1735 (2006), gives him no grounds to argue that an issue which has been adjudicated in state court may be re-litigated in federal court. This is clear from the Supreme Court's holding in *Marshall* where the court concluded that the federal court had jurisdiction over petitioner's tort claim, but remanded the case to consider respondent's arguments of claim and issue preclusion, based on an earlier judgment of the Texas probate court. 126 S. Ct. at 1750. The *Marshall* opinion is clearly not intended to overturn the principles of res judicata, and contrary to the plaintiff's assertions, much of the *Rooker-Feldman* doctrine remains intact following *Marshall*. This court concludes, therefore, that as a matter of law, the ruling of the District of Columbia Court of Appeals is a final judgment as to all matters concerning the validity of decedent's will, and all avenues of appeal have been exhausted. To the extent that the § 1983 claim relies upon the probating of a fraudulent will as the predicate injury, the claim must be dismissed as res judicata.

A § 1983 claim may go forward only when a plaintiff alleges that he or she was injured by conduct "fairly attributable to the state," which conduct caused "the deprivation of a federal right." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A conspiracy alleged to have been conducted between private individuals cannot satisfy the "state action" requirement of § 1983. *Id*. Plaintiff's conspiracy theory, as clarified at the motions hearing, involves only private individuals: the Delaney Estate's former personal representative and his former counsel. Therefore, dismissal with prejudice is appropriate as to the § 1983 claim, as no set of facts under plaintiff's restated conspiracy theory would involve state action within the ambit of 42 U.S.C. § 1983. Additionally, to the extent the complaint may have attempted to allege state action on the part of the probate court as a participant in the conspiracy (an allegation expressly denied by counsel at the motions hearing), it has done so in only a conclusory manner and has made no

specific factual averments in support of the claim that the alleged conspirators acted under color of state law. Accordingly, the pleading is insufficient to support the "state action" element of a § 1983 claim. *See, e.g., Hernandez v. Hoffman*, 1996 U.S. Dist. LEXIS 16488 (E.D.N.C. 1996) (holding that bare, conclusory allegations of conspiracy are insufficient to state a claim) (citing *Martin v. Delaware Law Sch. of Widener University*, 625 F. Supp. 1288, 1301 (D. Del. 1985), aff'd, 884 F.2d 1384 (3rd Cir.), cert. denied, 493 U.S. 966 (1989); *Waller v. Butkovich*, 584 F. Supp. 909, 931 (M.D.N.C. 1984); *Lucas v. Kale*, 364 F. Supp. 1345, 1347 (W.D. Va. 1973)). *See also, e.g., Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. *The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here.*" (emphasis added; citations omitted)).

Therefore, because the complaint is deficient for both reasons discussed above, this court concludes that plaintiff has not and cannot plead the requisite "state action" element of a § 1983 claim.

Were the court to find sufficient injury and state action to support a § 1983 claim, the complaint would still be dismissed because it is untimely. Because there is no applicable federal law governing the statute of limitations for a § 1983 action, federal courts borrow the general or residual state statute for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). The Virginia Supreme Court has held that § 1983 actions brought in Virginia courts are governed by the two-year limitations period prescribed by Va. Code §8.01-243(A). *Billups v. Carter*, 268 Va.

701, 710, 604 S.E. 2d 414, 419 (2004). Therefore, because on the face of the complaint it is alleged that the bankruptcy trustee knew of the federal claims no later than May 23, 2002 (the date of filing of the notice of removal), and because plaintiff failed to file his complaint until May 11, 2006—a period of more than two years—the § 1983 claim is time-barred. Plaintiff, as the bankruptcy trustee's successor in interest with respect to the claim, is charged with the trustee's knowledge of the alleged claim.[8] Reading the facts in a light most favorable to the plaintiff, it is plainly evident that the federal claims are now time-barred.

Plaintiff attempts to argue that the knowledge of the federal claims as of May 23, 2002 is not significant because the time for filing a § 1983 claim should be tolled. There is no basis for plaintiff's argument that the running of the statute of limitations was arrested by an earlier filed § 1983 action. As recognized in *In re Delaney*, 819 A.2d at 987 n. 10, debtor's § 1983 claim was not filed in the probate court. Although aware of the § 1983 claim, the bankruptcy trustee did not file such a claim in federal court in the District of Columbia. Apparently the bankruptcy trustee *could* have filed a § 1983 action, but failed to do so. No facts are alleged that explain how the failure to file such an action was caused by the Delaney Estate, hence there are no grounds upon which to toll the running of the statute of limitations. Because William Valentine has acquired all of the rights held by the bankruptcy trustee, he is held to the trustee's knowledge and ability to file a § 1983 action as of May 23, 2002. Therefore, the filing of the § 1983 claim on May 11, 2006, is untimely because it falls outside the statute of limitations for such an action.

## Conclusion

Plaintiff's complaint therefore must be dismissed for failure to state a claim upon which relief can be granted, for the following reasons: 1) this court has no jurisdiction to review alleged

---

[8] The court notes that even if the three-year limitations period under District of Columbia law were applicable here,

errors of the probate court or the District of Columbia Court of Appeals regarding state tort and fraud claims; 2) the injury underlying plaintiff's § 1983 claim—the probating of a fraudulent will—was likewise rejected in the probate proceedings of the Delaney Estate, and questions connected therewith are *res judicata*; 3) plaintiff has not adequately pled state action as required in valid § 1983 claims, and has abandoned any theory of the case that would encompass state action; and 4) the § 1983 claim is time-barred, as is clear on the face of the complaint. For all the foregoing reasons, plaintiff has failed to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that defendants' motions to dismiss are GRANTED; and

**IT IS FURTHER ORDERED** that plaintiffs' complaint is dismissed with prejudice.

SIGNED: _____

      /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

William D.C. Valentine
1508 Highwood Drive
McLean, Virginia  22101
Plaintiff

Edna J. Valentine
2115 Dodson Road
Petersburg, Virginia 23805
Chapter 7 Debtor and Plaintiff

Leonard E. Starr, III, Esquire
P.O. Box 468
Sandston, Virginia  23150
Co-Counsel for Plaintiffs

Raymond B. Benzinger, Esquire

---

as plaintiff asserts, the claim would still be time-barred.

Benzinger & Benzinger
2009 N. 14th Street, Suite 410
Arlington, Virginia  22201
Co-Counsel for Plaintiffs

Jason P. Green, Esquire
6305 Ivy Lane, Suite 416
Greenbelt, Maryland  20770
Counsel for Lawrence M. Elliott

John C. Moore, Esquire
Coates & Davenport, P.C.
P.O. Box 11787
Richmond, Virginia 23230
Co-Counsel for Defendants:
 Christopher G. Hoge, Successor Personal Representative of
   The Estate of Daniel B. Delaney;
 National Association for Advancement of Colored People;
 American Cancer Society;
 American Heart Association

William J. Bethune, Esquire
Pepper Hamilton, LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Co-Counsel for Defendants:
 Christopher G. Hoge, Successor Personal Representative of
   The Estate of Daniel B. Delaney;
 National Association for Advancement of Colored People;
 American Cancer Society;
 American Heart Association;
And National Arthritis Foundation

Nancy Jane Smith, Esquire
Senior Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C.  20001
Counsel for District of Columbia and District of Columbia Courts